U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
3/21/2022
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

ROBERT WOLFE, and
Crossfield, Inc.                    :
                                    :
        Plaintiff,                  :       Case No. 2:21-cv-00053-cr
                                    :
    v.                              :
                                    :
ENOCHIAN BIOSCIENCES               :
DENMARK ApS,                        :
ENOCHIAN BIOSCIENCES, INC.,         :
René Sindlev,                       :
Henrik Grønfeldt-Sørensen,          :
Mark  Dybul, and                    :
Luisa Puche                         :
                                    :
        Defendants.                 :

## AMENDED VERIFIED COMPLAINT

Now comes the Plaintiffs, Robert Wolfe and Crossfield, Inc., by and through their

attorneys Adler & McCabe, PLC and for their causes of action against the Defendants

plead and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Robert Wolfe (hereinafter referred to as "Mr. Wolfe") is a citizen of the

      State of Vermont, is over the age of 18, and is, in all respects, *sui juris.*

2.    At all times relevant to this action, Mr. Wolfe's residence was his home in

      Randolph, Orange County, State of Vermont.

3.    Crossfield Inc. is a Wyoming corporation ("Crossfield" and collectively

      with Mr. Wolfe "Plaintiffs").  Robert Wolfe is the sole shareholder and

      CEO of Crossfield.

4.    Defendant Enochian BioSciences Denmark ApS ("Enochian ApS") is a

-1-

foreign corporation. Enochian was formerly known as DanDrit Biotech
A/S.

5.      Defendant Enochian BioSciences, Inc. ("Enochian BioSciences") is a Delaware
        Corporation with its principal place of business in Los Angeles, California.
        Enochian BioSciences was formerly known as DanDrit Biotech USA, Inc.

6.      Enochian BioSciences is the parent company to Enochian Aps.

7.      Defendant Rene Sindlev is chairman of the Board of Enochian Biosciences  and
        upon information and belief a resident of Miami Beach, Florida.

8.      Defendant Henrik Grønfeldt-Sørensen is CEO and Director of Enochian ApS  and
        upon information and belief a resident of Denmark.

9.      Defendant Mark Dybul is CEO of Enochian Biosciences. and upon information
        and belief a resident of Chestertown, Maryland.

10.     Defendant Luisa Puche CFO of Enochian Biosciences  and upon information and
        belief a resident of Miami, Florida.

11.     The parties are involved in ongoing litigation in Denmark regarding
        payments to Robert Wolfe in connection with his departure as CFO.

12.     The Parties were actively negotiating a resolution to that litigation in
        February, 2019 when the Defendants filed a lawsuit against Plaintiff in
        Orange County, Vermont seeking an Ex Parte Temporary Restraining
        Order and Injunctive Relief ("Orange County litigation").

13.     This action is brought pursuant to 28 USC §1332, in that the parties are
        citizens of different states and countries and the amount in controversy is
        in excess of $75,000.00, exclusive costs of interest. This Court has proper

-2-

jurisdiction.

14.  The tortious conduct of the Defendants occurred in the County of Orange, Vermont, which is within the District of Vermont.

15.  Pursuant to 28 USC §1391(b)(1), proper venue for this cause of action is in the United States District Court for the District of Vermont.

**Facts Common to all Counts**

16.  Plaintiffs hereby incorporates by reference all statements and allegations contained in the previous paragraphs as if fully set forth herein.

17.  Defendants Enochian Aps and Enochian Biosciences filed a lawsuit against Plaintiffs alleging that Plaintiffs had disclosed confidential information, had irreparably harmed them, and that Defendants Enochian Aps and Enochian Biosciences risked further harm  from additional disclosures of confidential information.

18.  Vermont Superior Court initially ordered an Ex Parte TRO.

19.  After a merits hearing on or about November 5, 2019, Defendants Enochian Aps and Enochian Biosciences failed to make a requisite showing for  continued injunctive relief.

20.  The Orange County litigation involved a panoply of pleadings and hearings until it was substantively resolved in November of 2020.

21.  Altogether, Plaintiffs incurred $230,508.12 in legal fees defending the Orange County litigation.

22.  On November 17, 2020, Honorable Judge Michael Harris conditionally granted Enochian Bioscience and Enochian's Motion to Dismiss the Orange County

-3-

litigation with prejudice and awarded Plaintiffs costs, but not legal fees.

23. The dismissal with prejudice was effectively a complete adjudication in the Plaintiffs' favor.

24. Defendants' basis for the lawsuit was unfounded and harmed Plaintiffs financially, and caused irreparable harm to Mr. Wolfe's professional reputation and to Crossfield's business reputation.

25. Plaintiffs' believe that Defendants' motives for the Vermont litigation were to leverage Plaintiffs financially, exhaust Plaintiffs financial resources, and influence the Danish  negotiations.

### Defendants Worked in Concert

26. The Defendants in this action worked in concert, in furtherance of a common goal.

27. All Defendants knew or should have known that the Orange County litigation was brought, and continued, without probable cause.

28. All Defendants knew or should have known that the primary reason for the Orange County litigation was to gain leverage in the Danish litigation.

29. All Defendants knew or should have known the contents of the Orange County complaint.

30. All Defendants knew or should have known that the Orange County complaint would cause irreparable harm to Plaintiffs' business and professional reputations.

31. All Defendants knew or should have known that their actions were causing

-4-

financial harm to the Plaintiffs.

32. All Defendants committed acts that proximately caused harm to the Plaintiffs.

33. Upon information and belief, all Defendants had a financial stake in the Companies and had a vested interest in making the Companies more profitable.

## COUNT I
### (Malicious Prosecution)

34. Defendants initiated an action against Plaintiffs that lacked a factual basis.

35. Specifically, Defendants' Verified Complaint lacked probable cause because it was improperly based upon disclosure of confidential information that was alleged to have caused irreparable harm to the Defendants.

36. The allegedly confidential information was already publicly available and promoted by the Defendants both before and during the Orange County litigation.

37. Also, Enochian biosciences was not a party to the contract that it alleged Plaintiffs breached.

38. At a preliminary hearing, Defendant Puche would not, or could not articulate the irreparable harm that had occurred by Plaintiffs' alleged disclosure.

39. At a Preliminary hearing, Defendant Puche could not articulate a harm that would occur and offered vague, potentially negative consequences that could stem from the disclosure of allegedly confidential information.

40. The action against Plaintiffs was brought with malice, evidenced by the reasonable expectation that it would damage Plaintiffs' professional

reputation, cost Plaintiffs hundreds of thousands of dollars, and that it did not have a reasonable chance of success.

41.    The Orange County, Vermont litigation terminated in Plaintiffs' favor.

42.    Defendant Luísa Puche had direct involvement in this malicious prosecution by negligently or intentionally furthering the interests of Defendants Enochian ApS and Enochian Biosciences through sworn testimony and a Verified Complaint

43.    Without a Verified Complaint or Affidavit, Defendants Enochian ApS and Enochian Biosciences would not have been able to secure an *ex parte* TRO.

44.    Defendant Rene Sindlev had direct involvement in this malicious prosecution by negligently or intentionally furthering the interests of Defendants Enochian ApS and Enochian Biosciences by filing an affidavit in Vermont Court.

45.    Defendant Henrik Grønfeldt-Sørensen had direct involvement in this malicious prosecution by negligently or intentionally directing Enochian ApS to pursue the litigation in a Vermont Court.

46.    Defendant Henrik Grønfeldt-Sørensen knew or should have known that the Orange County litigation lacked probable cause for the reasons above.

47.    Defendant Mark Dybul had direct involvement in this malicious prosecution by negligently or intentionally directing Enochian Biosciences to pursue the litigation in Vermont.

48.    Defendant Dybul knew or should have known that the Orange County litigation lacked probable cause for the reasons above.

49.    All Defendants knew or should have known that the Orange County litigation was not objectively supported by facts and that the allegations would not survive

scrutiny.

## COUNT TWO
### (Abuse of Process)

50.     Defendants improperly sought an Ex Parte Temporary Restraining Order and
        Injunctive Relief against Plaintiffs.

51.     Based on the allegations contained in Defendants' complaint against
        Plaintiffs, the Orange County Court granted an Ex Parte Temporary
        Restraining Order and Injunctive Relief.

52.     The allegations in the Orange County complaint lacked an objective, factual
        basis.

53.     The action was not brought primarily to prevent the disclosure of allegedly
        confidential information, the information was already publicly available, but
        instead to gain negotiating leverage in the Danish litigation and damage
        Plaintiffs' career.

54.     All defendants knew that litigating on two continents would dramatically
        increase Plaintiffs' legal fees and if fully litigated, would likely eclipse the
        amounts in controversy in the Danish litigation.

55.     As a result of Defendants' actions, Plaintiffs suffered significant monetary losses,
        damage to their professional reputations, stress, and loss of professional time.

56.     Defendant Luísa Puche had direct involvement in this abuse of process by
        negligently or intentionally furthering the interests of Defendants Enochian ApS
        and Enochian Biosciences through sworn testimony and a Complaint Verification.

57.     Defendant Henrik Grønfeldt-Sørensen had direct involvement in this abuse of
        process by negligently or intentionally directing Enochian ApS to pursue the

litigation.

58. Defendant Mark Dybul had direct involvement in this abuse of process by negligently or intentionally directing Enochian Bioscience Inc. to pursue the litigation.

59. Had Plaintiffs capitulated, Enochian ApS would settled the Danish litigation for less money and benefitted financially.

60. Upon information and belief, all Defendants benefit financially from the Companies' increased values and overall financial success.

## DAMAGES

61. As a result of Defendants' actions, Plaintiffs have suffered financial damages, loss of reputation, other financial losses, and the costs of this action.

62. At the time of his employment termination, Plaintiffs were compensated $264,000.00 annually with a reasonable expectation of rapid increases.

63. The average compensation of a CFO for a publicly traded company exceeds $1,000,000.00 annually, and Plaintiffs' replacement's compensation was approximately $500,000.00 annually.

64. Plaintiffs reasonably expected to work as a CFO for a publicly traded company for 15 years.

65. Because of the Defendant's' actions and allegations of breaching company confidences, Plaintiffs' reputation has been irreparably harmed and he will likely not work as a CFO of a publicly traded company again.

66. Plaintiffs' lost earnings over his reasonably expected career are millions of dollars.

67.     Plaintiffs incurred $230,508.12 legal fees defending against Defendants'
        wrongful litigation.

68.     Plaintiffs spent in excess of 1,040 hours defending his reputation.

69.     At the rate Defendant compensated Plaintiffs prior to his termination, lost
        professional time equates to $132,000.00.

70.     Plaintiffs seek punitive damages as Defendants attempted to leverage their
        superior resources to inflict financial harm upon Plaintiffs and gain an improper
        advantage in other litigation and negotiations.

        WHEREFORE, Plaintiffs seeks judgment against the Defendants Enochian,
        Enochian BioSciences, René Sindlev, Henrik Grønfeldt-Sørensen, Luísa Puche,
        and Mark Dybul jointly and severely for damages, together with the costs and
        legal fees incurred herein, as well as prejudgment interest and any other further
        relief this Court finds just and equitable.

        Dated at St. Johnsbury, Vermont on this 17th day of May, 2021.

                                ROBERT WOLFE, Plaintiff
                                CROSSFIELD, INC., Plaintiff

                        By:     Daniel D. McCabe, Esq.
                                Adler & McCabe, PLC
                                PO Box 189
                                St. Johnsbury, VT 05819
                                Telephone (802) 748-8161
                                Email dmccabe@adlerandmccabe.com

-9-

## **VERIFICATION**

As a verification, I, Robert Wolfe, the Plaintiff herein, declare under penalty of perjury that the facts alleged in the foregoing Verified Complaint concerning Plaintiff is true and correct.

Dated at S. Royalton Vermont on this 8th day of ~~May, 2021.~~ January, 2022

Robert Wolfe


STATE OF VERMONT
Windsor COUNTY, ss.

    Subscribed and sworn at South Royalton in said County and State on this 8 day of ~~May, 2021~~, January 2022 personally appeared Robert Wolfe, and he did on oath depose and say that the foregoing is true to the best of his personal knowledge, information and belief.

Before me, Susan R Thresher
Notary Public
My commission: 1/31/23

Crossfield, Inc.
Robert Wolfe, Chairman & CEO


STATE OF VERMONT
Windsor COUNTY, ss.

January 2022 Subscribed and sworn at South Royalton in said County and State on this 8 day of ~~May, 2021~~, personally appeared Robert Wolfe, duly authorized agent for Crossfield Inc., and he did on oath depose and say that the foregoing is true to the best of his personal knowledge, information and belief.

Before me, Susan R Thresher
Notary Public
My commission: 1/31/23