U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JUL -1 AM 10: 10

CLERK

BY_____LAW_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ROBERT WOLFE )
and CROSSFIELD, INC., )
 )
Plaintiffs, )
 )
v. ) Case No. 2:21-cv-00053
 )
ENOCHIAN BIOSCIENCES DENMARK )
APS, RENÉ SINDLEV, LUISA PUCHE, and )
ENOCHIAN BIOSCIENCES, INC., )
 )
Defendants. )

**ENTRY ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**
(Doc. 58)

Plaintiffs Robert Wolfe and Crossfield, Inc. bring this malicious prosecution action against Defendants Enochian BioSciences Denmark ApS ("Enochian Denmark"), Enochian BioSciences, Inc. ("Enochian BioSciences" and, together with Enochian Denmark, "Enochian"), René Sindlev, and Luisa Puche (collectively, "Defendants"). Pending before the court is Defendants' June 3, 2022 motion for a protective order to prevent disclosure of allegedly confidential and proprietary information. (Doc. 58.) On June 9, 2022, Plaintiffs filed their opposition and Defendants replied on June 10, 2022, at which time the court took the pending motion under advisement

Plaintiffs are represented by Daniel D. McCabe, Esq. Defendants are represented by Christopher J. Valente, Esq., Michael R. Creta, Esq., and David M. Pocius, Esq.

**I.     Factual and Procedural Background.**

On May 10, 2022, Plaintiffs served 67 interrogatories and 30 document requests on Defendants. Defendants argue these requests seek "sensitive financial information, company meeting minutes and resolutions, electronic records dating back to 2018, information concerning top Enochian executives and board members, and the details of

internal Enochian decision-making processes and strategies." (Doc. 58 at 2.) Plaintiffs also seek information pertaining to Serhat Gumrukcu, a founder of Enochian who was indicted for murder in this District in May 2022. Plaintiffs' interrogatories relate to Defendants' knowledge regarding previous criminal charges against Mr. Gumrukcu, security services provided to him by Defendants; "any efforts taken to conceal [his] security when he has been visible in public"; and "any disagreements or disputes that arose between Defendants and Plaintiffs regarding" payments to him. (Doc. 58-2 at 10.)

Plaintiffs intend to depose Ms. Puche, Chief Financial Officer and Corporate Secretary for Enochian BioSciences; Mr. Sindlev, Chairman of Enochian BioScience's Board of Directors; and corporate representatives from both Enochian Denmark and Enochian BioSciences. The depositions will cover topics including "facts and opinions regarding [Enochian's] allegedly confidential information." (Doc. 58 at 2.)

While Defendants argue that "many" of Plaintiffs discovery requests "have little to no relevance to this Action[,]" they do not move for a protective order to preclude any discovery. *Id.* at 1. Rather, Defendants seek only to shield certain information produced during discovery from public view. Defendants argue that Plaintiffs' discovery requests "threatens to unnecessarily disclose confidential, proprietary Enochian information," (Doc. 58 at 4), such as "research and development initiatives, product development pipelines, key business strategies, and compensation issues" as well as "confidential terms in [insurance] policies." (Doc. 63 at 2-3.) They propose a protective order that allows parties to designate materials produced in discovery as confidential with protections against their disclosure.

Plaintiffs contend that the discovery sought is limited to "information about why they were terminated, why a [lawsuit] was brought against them in Vermont, and who made the decisions" and does not seek trade secrets or any other confidential information that would put Defendants at a market disadvantage. (Doc 62 at 3.) Plaintiffs assert that a protective order would only invite discovery disputes as Defendants would "improperly classify expansive categories of information 'confidential,'" as they allegedly did in the underlying state court action which is the subject of this case. *Id.* at 2.

2

## II. Conclusions of Law and Analysis.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (citation omitted). "[A] showing of good cause does not require specific or concrete factual showings of harm. Broader allegations typically suffice." *Jenkins v. Miller*, 2019 WL 5558601, at *7 (D. Vt. Oct. 29, 2019) (citing *Penthouse International, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 391 (2d Cir. 1981); *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 18-20 (2d Cir. 1992)). While the court must "weigh fairly the competing needs and interests of parties affected by discovery[,]" it has "substantial latitude to fashion protective orders[,]" *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984), and "manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).

Restrictions on disclosure of confidential or sensitive commercial information are "a routine feature of civil litigation[.]" *In re The City of New York*, 607 F.3d 923, 935 (2d Cir. 2010); *see also Fed. Open Mkt. Comm. of Fed. Rsrv. Sys. v. Merrill*, 443 U.S. 340, 362 (1979) (noting that "confidential commercial information" is "[f]requently" "afforded a limited protection" in civil discovery) (internal quotation marks and citations omitted). The Federal Rules of Civil Procedure authorize limitations on how "trade secret or other confidential research, development, or commercial information" may be "revealed[.]" Fed. R. Civ. P. 26(c)(1)(G). "Protective orders serve the vital function of securing the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 247 (2d Cir. 2018) (alterations adopted) (internal quotation marks omitted) (citing *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001)).

Courts in the Second Circuit have regularly issued protective orders limiting

3

public disclosure of the type of information at issue. *See, e.g., Mitchell v. Metro. Life Ins. Co.*, 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) (issuing protective order for personnel files and "internal financial analyses, business plans and other sensitive company information"); *Garnett-Bishop v. New York Cmty. Bancorp, Inc.*, 2013 WL 101590, at *2 (E.D.N.Y. Jan. 8, 2013) (collecting cases protecting personnel files and internal corporate documents). Defendants have thus established good cause for a protective order governing any "trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 26(c)(1)(G), that is properly designated confidential.

"Protective orders are [also] useful to prevent discovery from being used as a club by threatening disclosure of matters which will never be used at trial. Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982); *see also Rhinehart*, 467 U.S. at 34-35 ("It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. . . . There is an opportunity, therefore, for litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy."). For this reason, there is good cause for the protective order to also govern sensitive, nonpublic information related to Mr. Gumrukcu, who is presumed innocent.

Defendants' remaining challenges to the relevance and scope of Plaintiffs' discovery requests are not persuasive as Plaintiffs' requests are tailored to the facts and circumstances of this litigation and properly cabined to a time period relating to the underlying litigation in state court.

Although a protective order is warranted, Defendants' proposed protective order contemplates limiting certain documents to attorneys' eyes only. While this may be appropriate in cases where trade secrets are disclosed to competitors, *see In re The City of New York*, 607 F.3d at 935-36, the parties here are not competitors and Defendants do not explain why Plaintiffs' access should be restricted to this extent.

In addition, as Plaintiffs point out, the proposed protective order provides that the

4

party objecting to a confidentiality designation must move for the court to "rule as to the proper designation of the disputed Material" and "bear[s] the burden of proof that the Material is not [confidential.]" (Doc. 58-1 at 9.) The burden of proof, and responsibility to move for protection, are more properly imposed on the party seeking to keep information confidential. "[A]ny other conclusion would turn Rule 26(c) on its head." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986).[1]

Finally, Plaintiffs' concern that Defendants will improperly classify materials will be addressed by the following addition to the proposed protective order:

> A party may designate a document as confidential only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information.
>
> A designating party must limit any such designation to specific information that qualifies under the appropriate standards and only designate those portions of a document that qualify so that other portions for which protection is not warranted are not subject to unjustified restrictions. Mass, indiscriminate, or routinized designations are prohibited. Information or

---

[1] As the Third Circuit explained,

> It is correct that the burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head. That does not mean, however, that the party seeking the protective order must necessarily demonstrate to the court in the first instance on a document-by-document basis that each item should be protected. It is equally consistent with the proper allocation of evidentiary burdens for the court to construct a broad "umbrella" protective order upon a threshold showing by one party (the movant) of good cause. Under this approach, the umbrella order would initially protect all documents that the producing party designated in good faith as confidential. After the documents delivered under this umbrella order, the opposing party could indicate precisely which documents it believed to be not confidential, and the movant would have the burden of proof in justifying the protective order with respect to those documents. The burden of proof would be at all times on the movant; only the burden of raising the issue with respect to certain documents would shift to the other party.

*Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) (footnote omitted); *accord Jenkins v. Miller*, 2019 WL 5558601, at *7 (D. Vt. Oct. 29, 2019).

documents that are available in the public sector may not be designated as confidential.

The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Designations that are shown to be clearly unjustified or that have been made for an improper purpose expose the designating party to sanctions.

## CONCLUSION

For the foregoing reasons, Defendants' motion for a protective order (Doc. 58) is GRANTED IN PART and DENIED IN PART. The parties are hereby ORDERED to meet and confer and jointly file a new proposed protective order consistent with this Entry Order within fourteen (14) days.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of July, 2022.

Christina Reiss, District Judge
United States District Court