# EXHIBIT 1

STATE OF VERMONT  CIVIL DIVISION
ORANGE UNIT  DOCKET NO. 24-219-0eciv

Enochian Biosciences Denmark ApS and )
Enochian Biosciences, Inc., )
 )
        Plaintiffs, )
 )
v. )
 )
Crossfield, Inc. and Robert E. Wolfe, )
 )
        Defendants. )
_____)



REDACTED

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Enochian Biosciences Denmark ApS ("Enochian") and Enochian Biosciences, Inc. ("Enochian Biosciences") (collectively, the "Plaintiffs"), by and through undersigned counsel, files this Verified Complaint against Defendants Crossfield, Inc. ("Crossfield") and Robert E. Wolfe "(Wolfe") (collectively, the "Defendants"), and in support states as follows:

### NATURE OF THE ACTION

1. This is an action that arises because Defendants, who until January 9, 2019 were working for Plaintiffs as their Chief Financial Officer ("CFO"), have improperly disclosed Plaintiffs' confidential information to obtain leverage as part of negotiations over contractual compensation. Plaintiffs seek an injunction to maintain the status quo until the parties can file their claims in arbitration in accordance with the parties' contractual agreement and the arbitrators are able to render a decision in the arbitration.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Enochian is a foreign corporation. Enochian was formerly known as DanDrit BioTech A/S.

FILED
VERMONT SUPERIOR COURT

FEB 12 2019

ORANGE UNIT

3. Plaintiff Enochian BioSciences is a Delaware corporation with its principal place of business in Los Angeles, California. Enochian was formerly known as DanDrit BioTech USA, Inc.

4. Defendant Crossfield is, upon information and belief, a foreign corporation and maintains its principal place of business in Orange County, Vermont.

5. Defendant Wolfe is over the age of majority, otherwise *sui juris*, and, at all relevant times, resided in Orange County, Vermont. Wolfe is the Chief Executive Officer and President of Crossfield. He also holds officer, director, ownership, and other positions in numerous other companies.[1]

6. Personal jurisdiction is proper before this Court because defendants Crossfield and Wolfe reside in Orange County, Vermont.

7. Venue is proper before this Court, pursuant to Title 12, Section 402 of the Vermont Statues, because defendants Crossfield and Wolfe reside in Orange County, Vermont.

**GENERAL FACTS**

8. Plaintiffs are a biopharmaceutical company dedicated to identifying, developing, manufacturing, and commercializing gene-modified cell therapy.

9. Plaintiff Enochian is the wholly owned subsidiary of Plaintiff Enochian Biosciences. Enochian Biosciences is a public company trading on NASDAQ.

10. The success of Plaintiffs' business operation is dependent on, among other things, protection of its confidential information.

---

[1] See, e.g., Exhibit A, § 5 and App'x A.

FILED
VERMONT SUPERIOR COURT
FEB 12 2019
ORANGE UNIT

ENOCHIAN_000102

## The Agreement

11.  Plaintiff Enochian, then known as DanDrit Biotech A/S, entered into a CFO Service Agreement with Defendants on or around July 11, 2017 (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

12.  The Agreement was amended on December 29, 2017 (the "Amendment"). A true and correct copy of the Amendment is attached hereto as Exhibit B. This Amendment was executed by Enochian Biosciences, then known as DanDrit Biotech USA, Inc.

*Job Responsibilities*

13.  Defendants were hired as a consultant and the CFO of Enochian and Enochian Biosciences.

14.  The CFO job duties were described in detail. Section 1 of the Agreement sets forth multiple categories of responsibilities, including the responsibility to "[d]evelop and maintain systems of internal controls to safeguard financial assets of the organization" and to "[o]versee the coordination and activities including activities of the independent auditors." The CFO was also tasked with preparing all filings with the Securities and Exchange Commission ("SEC") and managing all reporting requirements.

15.  The CFO reported to the CEO and Board of Directors.

*Duty Not To Disclose Confidential Information*

16.  Section 9 of the Agreement is titled "Duty of confidentiality and return of material."

17.  This section of the Agreement states that "the CFO will receive confidential information about" Plaintiffs and that Defendants acknowledged a "duty of strict confidentiality."

FILED
VERMONT SUPERIOR COURT

FEB 1 2 2019

ORANGE UNIT

ENOCHIAN_000103

18. Section 9 of the Agreement further provides that the "CFO is not entitled to use or disclose confidential information to any third party."

*Termination*

19. Pursuant to Section 10 of the Agreement, the Agreement was terminable upon notice.

*Dispute Resolution*

20. In Section 13.2 of the Agreement, the parties agreed that any dispute arising out of the Agreement shall be settled by binding arbitration in accordance with the Rules of Arbitration Procedure of Danish Arbitration.

21. The parties further agreed that they owe a duty of confidentiality as regards to the arbitral proceedings and the award.

**Defendants Received Confidential Information in Performance of Services**

22. In performance of their services to Plaintiffs, including as Plaintiffs' CFO, Defendants received confidential information, including, without limitation, financial and intellectual property information.

**Termination and Breach**

23. On or about January 9, 2019, Enochian terminated Defendants' services pursuant to Section 10 of the Agreement.

24. A dispute thereafter arose between the parties with respect to monies allegedly owed to Defendants upon termination (the "Dispute").

25. Plaintiffs sought to negotiate with Defendants to resolve the Dispute.

26. Instead of negotiating with Plaintiffs in good faith, Defendants sought money far beyond what Defendants were allegedly owed under the Agreement. Knowing that they had no

FILED
VERMONT SUPERIOR COURT

FEB 1 2 2019

ORANGE UNIT

ENOCHIAN_000104

contractual right to these monies, Defendants began engaging in a series of wrongful conduct designed to harm Plaintiffs and to extract undue payments.

27.   In other words, Defendants have been using wrongful tactics to harm Plaintiffs with the intent of using this harm to extort additional and unwarranted monies from Plaintiffs. This wrongful conduct has included at least the following:

a. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

b. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

c. ▮▮▮▮▮▮▮ ▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

FILED
VERMONT SUPERIOR COURT
FEB 12 2019
ORANGE UNIT

ENOCHIAN_000105

29. [REDACTED]

30. Defendants' conduct shows that they have no intention of complying with their duty not to disclose confidential information, and that they are, in fact, wrongfully disclosing confidential information as a negotiations tactic and part of their effort to extract undue monies from Plaintiffs.

31. As a consequence of the foregoing conduct by Defendants, and because the arbitration is not yet in place, Plaintiffs have suffered and will continue to suffer irreparable harm and loss unless an injunction is entered.

### COUNT I - BREACH OF CONTRACT

32. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 31 above as if fully set forth at length herein.

33. The Agreement is a binding and enforceable contract between Plaintiffs and Defendants.

34. Plaintiffs performed their obligations under the Agreement.

35. Defendants breached the terms of the Agreement by publicly disclosing Plaintiffs' confidential information.

FILED
VERMONT SUPERIOR COURT

FEB 12 2019

ORANGE UNIT

ENOCHIAN_000106

36. As a direct and proximate result of the above-described threatened and actual disclosure of Plaintiffs' confidential information, Plaintiffs have been and continue to be suffer irreparable harm.

### COUNT II - BREACH OF FIDUCIARY DUTY

37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36 above as if fully set forth at length herein.

38. In the performance of their services for Plaintiffs as CFO, Defendants owed Plaintiffs fiduciary duties to refrain from disclosing Plaintiffs' confidential information.

39. Defendants continue to owe a duty of confidentiality to Plaintiffs to refrain from disclosing Plaintiffs' confidential information.

40. Defendants breached their fiduciary duties to Plaintiffs by disclosing Plaintiffs' confidential information for the benefit of themselves.

41. As a direct and proximate result of the above-described threatened and actual disclosure of Plaintiffs' confidential information, Plaintiffs have been and continue to suffer irreparable harm.

### COUNT III - BREACH OF DUTY OF LOYALTY

42. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 41 above as if fully set forth at length herein.

43. Defendants served as consultant and CFO of Plaintiffs. By retaining Defendants, compensating them with salary and benefits, and granting them the power to bind Plaintiffs, Plaintiffs reposed trust and confidence in Defendants and relied on them to be honest with Plaintiffs and to deal with Plaintiffs with the utmost loyalty and good faith. Plaintiffs relied upon

FILED
VERMONT SUPERIOR COURT

FEB 12 2019

ORANGE UNIT

ENOCHIAN_000107

Defendants to utilize their best skill and judgment in the interests of Plaintiffs and to keep Plaintiffs' confidences both during and after the term of their employment.

44.     Defendants breached their duty of loyalty by disclosing Plaintiff's confidential information for their own benefit.

45.     As a direct and proximate result of the above-described threatened and actual disclosure of Plaintiffs' confidential information, Plaintiffs have been and continue to suffer irreparable harm.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants and enjoin Defendants from further violating the Agreement by disclosing its confidential information.

FILED
VERMONT SUPERIOR COURT
FEB 1 2 2019
ORANGE UNIT

ENOCHIAN_000108

ENOCHIAN BIOSCIENCES DENMARK APS
AND ENOCHIAN BIOSCIENCES, INC.,

By its counsel,

_____
Christopher J. Valente
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
T. 617.261.3100
F. 617.261.3175
christopher.valente@klgates.com

&

David M. Pocius
Paul Frank + Collins P.C.
One Church Street
P.O. Box 1307
Burlington, VT 05402-1307
T. 802.658.2311
F. 802.658.0042
dpocius@pfclaw.com

Dated: February 11, 2019

FILED
VERMONT SUPERIOR COURT

FEB 1 2 2019

ORANGE UNIT

9

ENOCHIAN_000109

## VERIFICATION

I, Luisa Puche, in my capacity as Chief Financial Officer of Enochian Biosciences, Inc., the Plaintiff herein, declare under penalty of perjury that the facts alleged in the foregoing Verified Complaint for Injunctive Relief concerning Plaintiffs are true and correct.

Dated this 11th day of February 2019.

Enochian Biosciences, Inc.

By: _____
Name: Luisa Puche
Title: Chief Financial Officer

State of California
County of Los Angeles

ARMINE ASARYAN
Notary Public - California
Los Angeles County
Commission # 2181794
My Comm. Expires Jan 29, 2021

Subscribed and sworn to before me this 11 day of February, 2019.

Before me, Armine Asaryan
Notary Public

FILED
VERMONT SUPERIOR COURT
FEB 12 2019
ORANGE UNIT

ENOCHIAN_000110