# EXHIBIT 25

## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

_____
                                          )
ROBERT WOLFE and CROSSFIELD, INC.,        )
                                          )
                    Plaintiffs,           )
                                          )          Case No. 2:21-cv-00053
v.                                        )
                                          )
ENOCHIAN BIOSCIENCES INC.,                )
et al.                                    )
                                          )
                    Defendants.           )
_____)

## PLAINTIFFS' ANSWERS TO DEFENDANT ENOCHIAN BIOSCIENCES, INC., ET AL'S FIRST SET OF INTERROGATORIES

Plaintiff Robert Wolfe and Crossfield, Inc., pursuant to V.R.C.P. 33 and 34, submits the following Interrogatories and Requests to Produce to Defendant to be answered under oath within 30 days of the date hereof:

**INTERROGATORY NO. 1:**      Identify all confidential information provided to you by Enochian and describe in detail any efforts you took to protect such confidential information.

**RESPONSE:  Objection, overly broad and information known to the Defendants.  It is impractical and/or impossible for me to go through every communication I had with the Enochian ApS and Enochian Biosciences and analyze whether confidential information was conveyed.  Notwithstanding the Objection, while I was employed by the Companies, the Companies had no policies for confidential information and never identified information as confidential.  I also had access to various company records**

**that were not publically available. I disagree that some information deemed confidential by the Defendants was actually confidential.**

**INTERROGATORY NO. 2:** If you contend that the Superior Court Action was initiated, or continued, without probable cause, then state the basis for that contention and describe in detail all evidence that supports your contention.

**RESPONSE: My legal position is detailed in my responses to Defendants' Motions to Dismiss. I do not believe that Serhat Gumrukcu's security payments were confidential or proper. The security payments were disclosed to the public in their SEC filings. I believe there is significant publically available information, e.g., an observer could see the security personnel with him out in public, which makes the payments non-confidential. The Orange County Litigation's dismissal supports my position. I expect to gather more specific information through discovery.**

**INTERROGATORY NO. 3:** If you contend that the Superior Court Action was brought, or continued, with malice, then state the basis for that contention and describe in detail all evidence that supports your contention.

**RESPONSE: I believe my termination and the Orange County Litigation was tied to what I believe is improper Enochian involvement with Serhat Gumrukcu. Evidence continues to develop and I expect to gather more as Serhat Gumrukcu's criminal murder for hire investigation, and public information disclosures, goes on. I believe**

**the Orange County Litigation was brought in part to attempt and silence me and financially ruin me based on conversations I've had with other witnesses.  I also think part of the management team was afraid of what I could disclose and was spiteful because the way I conducted myself.**

**INTERROGATORY NO. 4:**        Identify all persons with whom you provided or discussed the Danish Complaint or the Danish Complaint's contents.  For each identified person, explain in detail what was disclosed or discussed with such person.

> **RESPONSE:  Objection, attorney-client privilege. Notwithstanding the objection, the Complaint is public information and everyone if free to read it. I do not recall who I spoke to about it, but may have referred people to the public record.  When asked by members of the press, I have consistently stated "no comment."  Prior individuals who were involved with Enochian, e.g. Eric Leire, were aware of the litigation and we may have spoken about it.**

**INTERROGATORY NO. 5:**        If you contend that either the existence of security for Dr. Serhat Daniel Gumrukcu or the amounts Enochian pays for such security is public information, then state the basis for that contention and describe in detail all evidence that supports your contention.

**RESPONSE: Security is publically visible when they are with Serhat Gumrukcu. The amounts paid for security are listed have been disclosed to the public in Enochian's SEC Filings. . Additional evidence will be developed through witnesses, when the Defendants properly identify them.**

**INTERROGATORY NO. 6:** Describe in detail Defendant Luisa Puche's alleged involvement in the Superior Court Action and identify all documents evidencing Ms. Puche's alleged involvement.

**RESPONSE: Ms. Puche Verified the Complaint and signed Affidavits. She either completed or should have completed some level of investigation and conferred with the Enochian Biosciences and Enochian ApS Boards prior to signing the documents. She also testified in the Orange County Litigation during the Corporate Defendants' failed injunction hearing. Proper discovery is expect to reveal Ms. Puche's additional, direct involvement with the Orange County Litigation and Enochian Biosciences and Enochian ApS decision making and motivations. More evidence is expected to be gathered.**

**INTERROGATORY NO. 7:** Describe in detail Defendant René Sindlev's alleged involvement in the Superior Court Action and identify all documents evidencing Mr. Sindlev's alleged involvement.

**RESPONSE:  Mr. Sindlev executed an affidavit in attempt to sway the Court decision and continue the Orange County Litigation.  Proper discover is expected to reveal Mr. Sindlev's additional, direct involvement with the Orange County Litigation and Enochian Biosciences and Enochian ApS decision making and motivations.  More evidence is expected to be gathered.**

**INTERROGATORY NO. 8:**        State the basis for and describe in detail all damages Plaintiffs have allegedly suffered as a result of the acts alleged in the Amended Complaint.

**RESPONSE:**

1.   **Lost wages – Plaintiffs were terminated and essentially unemployable while the TRO was in place;**

2.   **Lost future earnings - Plaintiffs' reputations were irreparably tarnished after their prior employer publicly accused them of disclosing confidential information and distributing the fictitious Stiig Waever report;**

3.   **Attorneys' fees – the costs to Plaintiffs' both defending the Orange County Litigation and in this action to recover their losses; and**

4.   **Lost time – Plaintiffs have expended significant professional time defending the Orange County Litigation and pursuing this action.**

**INTERROGATORY NO. 9:**          State the basis for, and describe in detail all evidence supporting, your allegation in Paragraph 25 of the Amended Complaint that "Plaintiffs' believe that Defendants' motives for the Vermont litigation were to leverage Plaintiffs financially, exhaust Plaintiffs financial resources, and influence the Danish negotiations."

> **RESPONSE: Defendants' have disproportionate financial resources compared to the Plaintiffs.  My experience with Defendants' counsel while I worked for the Corporate Defendants was that their tactic was to maximize billings, drag out litigation, and provide no information. Defendants are aware of this tactic and continue to employ the same firm.  Because I would not take some lesser payment amount for compensation owed, and I would not agree to a gag order, my belief is that Defendants expected me to roll over and go away once the Orange County Litigation was initiated. After actual evidence was considered by the Superior Court, the Corporate Defendants abandoned the losing litigation.  Legal billings for the Orange County Litigation illustrate the costs of defending a case against the Corporate Defendants and support my position that they were attempting to leverage me financially.  I was well aware of what was happening and what it would cost me to litigate against the Enochian Biosciences and Enochian ApS.**

**INTERROGATORY NO. 10:**          State the basis for, and describe in detail all evidence supporting, your allegation in Paragraph 36 of the Amended Complaint that "The allegedly

confidential information was already publicly available and promoted by the Defendants both before and during the Orange County litigation."

> **RESPONSE:  This information is readily available in the Orange County Litigation court files.  Summarily, Enochian Biosciences and Enochian ApS took the position that disclosing Serhat Gumrukcu's private security – which is publically visible – created a risk to Enochian Biosciences because the world would know how important he was to the company.  This position's failure was because Enochian Bioscience openly promoted Serhat Gumrukcu in public events, in the press, on it's website, in is SEC Filings and other promotional videos.  Since his indictment, Enochian Bioscience has turned 180 degrees and is now publicly stating that Serhat Gumrukcu has no formal role in company even though Luisa Puche testified in the Orange County Litigation that "For me [Dr. Serhat Gumrukcu] is the Company.  I mean, if we don't have his ideas…".  This inconsistency further diminishes the veracity of Enochian's failed position.**

**INTERROGATORY NO. 11:**      State the basis for, and describe in detail all evidence supporting, your allegation in Paragraph 63 of the Amended Complaint that "The average compensation of a CFO for a publicly traded company exceeds $1,000,000.00 annually."

> **RESPONSE:  BDO Report provided in initial disclosures.**

**INTERROGATORY NO. 12:**         State the basis for, and describe in detail all evidence supporting, your allegation in Paragraph 64 of the Amended Complaint that "Plaintiffs reasonably expected to work as a CFO for a publicly traded company for 15 years."

>   **RESPONSE:  Plaintiff Robert Wolfe is 59 years old, in good health and reasonably believes he would work until he was 75 years old.**

**INTERROGATORY NO. 13:**         Describe in detail all insurance payments made in connection with your defense in the Superior Court Action, including, without limitation, (i) the amount of such payments; (ii) the identity of who made such payments; and (iii) the dates of such payments.

>   **RESPONSE:  Objection, Collateral Source Rule.**

**INTERROGATORY NO. 14:**         Describe in detail all efforts taken by Plaintiffs to obtain employment following the termination of Plaintiffs' employment at Enochian.

>   **RESPONSE:  I could not reasonable expect to obtain another CFO job with pending litigation against him for improper disclosures.  Attempting to secure employment would have made the public filings more well known among potential, future employers.**

**INTERROGATORY NO. 15:**      Provide (i) the dates you served as Enochian's Chief Financial Officer; (ii) a detailed description of the responsibilities and obligations you had as Enochian's Chief Financial Officer; and (iii) the amount of compensation you received from Enochian.

**RESPONSE:  Objection.  This information is readily available to the Defendants.**

**INTERROGATORY NO. 16:**      For the period following Plaintiffs' employment at Enochian, list all entities you have held an officer, director, or ownership position, or otherwise worked for.  For each such entity, provide (i) your title; (ii) the dates you worked for or held an ownership interest; (iii) a detailed description of the services you performed; and (iv) the amount of compensation you received.

**RESPONSE:  A table of the US Companies I own/operate will be uploaded with document requests.  Objection to foreign companies, subsidiaries, stock holdings, or companies that I do not have an active management role as not being reasonable related to relevant information.**

**INTERROGATORY NO. 17:**      Identify each fact and expert witness that Plaintiffs expect to call at any trial or evidentiary hearing in this Action and describe in detail the substance of their expected testimony.

**Fact witness were disclosed in initial disclosures.  Witness lists and experts will be**

**supplemented.**

Robert Wolfe, individually and
as duly authorized agent for Crossfield, Inc.

STATE OF VERMONT
_____ COUNTY, SS.

At _____, Vermont on this ___ day of _____, 2022, personally appeared
Robert Wolfe, to me known to be the person described herein, and he acknowledged the
foregoing by him subscribed to be their free act and deed.

Before me, _____
                              Notary Public
My Commission expires:
Commission #:

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

ROBERT WOLFE, and
CROSSFIELD, INC.                          :
                                          :
         Plaintiff,                       :              Case No. 2:21-cv-53
                                          :
         v.                               :
                                          :
ENOCHIAN BIOSCIENCES                      :
DENMARK ApS, and                          :
ENOCHIAN BIOSCIENCES, INC.                :
                                          :
         Defendants.                      :

**CERTIFICATE OF SERVICE**

I hereby certify that on June __13__, 2022, a true and correct copy of the above

Plaintiffs' Answers to Defendant Enochian BioSciences, Inc., et al First Set of

Interrogatories was served on the foregoing by electronic and First Class mail:


Michael Creta
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111


ADLER & MCCABE


By: Daniel D. McCabe
PO Box 189
St. Johnsbury, VT 05819
Telephone (802) 748-8161
Email dmccabe@adlerandmccabe.com