# EXHIBIT 27

STATE OF VERMONT                                CIVIL DIVISION
ORANGE UNIT                                     DOCKET NO._____

Enochian Biosciences Denmark ApS and    )
Enochian Biosciences, Inc.,             )
                                        )
                   Plaintiffs,          )
                                        )
        v.                              )
                                        )
Crossfield, Inc. and Robert E. Wolfe,   )
                                        )
                   Defendants.          )
_____ )

## MOTION TO SEAL DOCUMENTS

Plaintiffs, Enochian BioSciences Denmark ApS and Enochian Biosciences, Inc.

("Enochian Biosciences") (collectively, the "Plaintiffs"), move for leave to file under seal an

unredacted version of Plaintiffs' Verified Complaint for Injunctive Relief (the "Verified

Complaint"), Exhibits C and D thereto, and an unredacted version of Plaintiffs' Motion for

Emergency Ex Parte Temporary Restraining Order and Preliminary Injunction (the "Motion").

The Verified Complaint, and Exhibits C and D thereto, contain confidential information

regarding the internal business dealings of Plaintiffs ("Confidential Information").  The Motion

refers to and discusses the Confidential Information in support of Plaintiffs' requested relief.

Due to the private and confidential nature of the Confidential Information, and for the reasons set

forth herein, sealing the above-referenced documents is appropriate and warranted.

Plaintiffs recognize that the public generally has an affirmative right to access court

records.  See Vermont Rules of Public Access to Court Records ("V.R.P.A.C.R.") 6(a).

However, that right is not absolute, and a court may seal from the public a record to which the

public otherwise has access pursuant to the court's "supervisory power over its own records and

1

ENOCHIAN_000111

files." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978); see also V.R.P.A.C.R. 7(a). Under V.R.P.A.C.R. 7(a):

> All parties to the case to which the record relates, and such other interested persons as the court directs, have a right to notice and hearing before such order is issued, except that the court may issue a temporary order to seal or redact information from a record without notice and hearing until a hearing can be held. An order may be issued under this section only upon a finding of good cause specific to the case before the judge and exceptional circumstances.

The Supreme Court in In re Sealed Documents explained the general standard for sealing documents. See In re Sealed Documents, 172 Vt. 152, 161-62 (2001) (citing both civil and criminal decisions in setting forth the factors to be analyzed). The first consideration is whether the movant has overcome the presumption of public access by demonstrating a substantial threat to its privacy interests. Id. at 161. Second, Plaintiffs must show harm as to each document they seek to file under seal. Id. The third consideration is whether some alternative means exist that would protect the movant's privacy interests, rather than sealing the documents in their entirety. Id. at 162. Finally, the Court must examine the motion and supporting affidavit individually and make specific findings that Plaintiffs have overcome the presumption of access in this case. Id.

Here, each of these factors is satisfied. As set forth in the Affidavit of Luisa Puche, CFO of Enochian Biosciences, filed in support of this Motion, the Confidential Information relates to internal business dealings of the Plaintiffs. Affidavit of Luisa Puche in Support of Motion to Seal Documents ("Puche Aff.") at ¶ 4. Indeed, as set forth in the Verified Complaint, Plaintiffs took great pains to ensure that confidential information obtained by Defendants, such as the Confidential Information at issue here, remained private. See, e.g., Verified Complaint at ¶¶ 16-18, 21 and Exhibit A thereto. Under Vermont law, Plaintiffs have a reasonable expectation of privacy in its business dealings. The release of the Confidential Information would violate that expectation of privacy and puts Plaintiffs at a competitive disadvantage in the market. Puche

2

ENOCHIAN_000112

Aff. at ¶ 5. This competitive disadvantage, along with other irreparable harm, is precisely the type of harm that this action is intended to prevent.

Moreover, Plaintiffs have attempted to narrow the scope of the information and documents to be filed under seal to only that which would protect Plaintiffs' privacy interests. To that end, Plaintiffs seek to file under seal only Exhibits C and D to the Verified Complaint and propose redacting only those paragraphs of the Verified Complaint that relate to the Confidential Information, including Paragraphs 27 through 29. With respect to the Motion, Plaintiffs propose redacting certain portions of pages 3 and 4, as reflected in the attached.

WHEREFORE, Plaintiffs respectfully request that the Court (i) grant a temporary order sealing an unredacted version of the Verified Complaint and Exhibits C and D thereto without notice and hearing until such time as a hearing can be held, if the Court deems it necessary, and (ii) grant Plaintiffs' Motion to Seal Documents.

ENOCHIAN_000113

ENOCHIAN BIOSCIENCES DENMARK APS
AND ENOCHIAN BIOSCIENCES, INC.,

By its counsel,

Christopher J. Valente
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
T. 617.261.3100
F. 617.261.3175
christopher.valente@klgates.com

&

David M. Pocius
Paul Frank + Collins P.C.
One Church Street
P.O. Box 1307
Burlington, VT  05402-1307
T. 802.658.2311
F. 802.658.0042
dpocius@pfclaw.com

Dated: February 11, 2019

4

ENOCHIAN_000114