# EXHIBIT 31



TRANSLATION

Seal of the Court in Helsingør

# Statement of Defence

26 February 2019

submitted by the Defendant, Enochian BioSciences Denmark ApS

The Court in Helsingør, case no. BS-5868/2019-HEL

Plaintiff, Robert E. Wolfe
(Carsten Busk, attorney)

vs.

Defendant, Enochian BioSciences Denmark ApS
(Christian Holm Madsen, attorney)

**The defendant's claim**

Dismissal.

**The defendant's particulars of claim and views**

We refer to the following supplementary pleading: Supplementary information on the statement of defence

**The defendant's proposal for the hearing of the case**

The defendant requests court mediation: No.

The defendant requests that the case be heard by 3 judges: No.

The defendant requests that the case be heard by a panel of expert judges or housing judges:
No.

The defendant requests that an expert opinion be obtained: No.

We refer to the following supplementary document:

The defendant requests a declaration or information from an expert or a public authority:
No.

We refer to the following supplementary document:

TRANSLATION

Seal of the Court in Helsingør

Further information provided by the defendant: The question about dismissal of the case should be heard by the Court as a separate claim, cf. section 351(4), cf. section 253(1) of the Danish Administration of Justice Act.

Depending on Robert E. Wolfe's final statement of claims, documents and other evidence and presentation of the actual and legal circumstances, the defendant ex-pects that at the preparatory meeting held in accordance with section 353 of the Dan-ish Administration of Justice Act, in addition to the subjects specified in section 353(1)(1)-(4), one or more of the subjects specified in section 353(1)(5)–(18) should be discussed, particularly (5).

**The defendant's counterclaim, value and court fee**

The defendant advances a counterclaim: No.

The defendant states the value at:

The defendant states the court fee to be:

**Other information about the defendant:**

Defendant, Enochian BioSciences Denmark ApS
26027322
Stumpedyssevej 17, 2970 Hørsholm, Denmark
Enochian BioSciences Denmark is registered for VAT.
Email address:
Tel. no.:
Mobile tel. no.:
Alternative address:
Supplementary contact details:
Reference no.:

Represented by:
Christian Holm Madsen, attorney
CVR no.: 38052497
Silkeborgvej 2, 8000 Aarhus C, Denmark
Email address: cmn@gorrissenfederspiel.com
Tel. no.: 86207500
Mobile tel. no.:
Alternative address:
Supplementary contact details:
Reference no.: 828532 CMN/CPT

**The defendant's exhibits:**

| No. | Title | Document date: |
|---|---|---|



I, the undersigned Tina Rosenkilde, translator and interpreter of the English language, hereby certify the preceding text to be a true and faithful translation of the attached summary of Statement of Defence from the Court in Helsingør in the Danish language.

In Witness Whereof I have hereunto set my hand and affixed my seal of office.

27 February 2019





TRANSLATION

26 February 2019

# Statement of Defence

The Court in Helsingør
BS-5868/2019-HEL

**Robert E. Wolfe**
PO Box 189
Randolph, Vermont 05060
USA
("Robert E. Wolfe")

Represented by Carsten Busk, attorney

vs.

**Enochian BioSciences Denmark ApS**
Stumpedyssevej 17
2970 Hørsholm, Denmark
CVR no.: 26 02 73 22
("Enochian BioSciences Denmark")

Represented by Christian H. Madsen, attorney

I represent Enochian BioSciences Denmark and submit the claim set out below.

TRANSLATION



## 1 Claim

1. Dismissal.

## 2 Request for separate consideration of the claim for dismissal

2. This case cannot proceed before the Court in Helsingør, since the alleged claim is subject to arbitration.

3. According to section 253(1) of the Danish Administration of Justice Act, Enochian BioSciences Denmark therefore requests the Court in Helsingør to list the issue for separate hearing and decision. For this reason, this statement of defence is limited to concern solely Enochian BioSciences Denmark's objections on a point of law, cf. section 351(4) of the Danish Administration of Justice Act.

4. Enochian BioSciences Denmark reserves the right to advance any substantive objections to Robert E. Wolfe's alleged claims, just as Enochian BioSciences Denmark reserves the right to advance counterclaims.

## 3 Supplementary particulars of claim

5. The particulars of claim submitted in the writ of summons are incomplete and are contested. Considering the confidentiality agreement entered into between the parties and the intentional disclosure of confidential information that has already taken place, Enochian BioSciences Denmark omits to comment additionally on the particulars of claim in the writ of summons, unless this is relevant in relation to the assessment of the claim for dismissal.

6. Robert E. Wolfe bases his claim in this case on the consultancy agreement, produced as exhibit 1, entered into between Enochian BioSciences Denmark on the one hand and Crossfield Inc. and Robert E. Wolfe on the other hand. According to our information, Robert E. Wolfe owns Crossfield Inc.

7. According to clause 9 of the consultancy agreement produced as exhibit 1, Crossfield Inc. and Robert E. Wolfe are subject to a strict confidentiality provision. The confidentiality provision was crucial for Enochian BioSciences Denmark, since Crossfield Inc. and Robert


TRANSLATION



E. Wolfe were to act as CFO on a consultancy basis for Enochian BioSciences Denmark and its American parent company, which is listed on the NASDAQ Stock Exchange in the United States.

8. For this reason, among others, the parties choose that any dispute should be subjected to *confidential* arbitration, cf. exhibit 1, clause 13. This provision reads as follows:

> ***"Governing law and venue***
>
> ...
>
> *13.2 Any dispute arising out of this ongoing relationship or the conclusion, construction or end of this CFO Service Agreement is to be settled finally by binding arbitration according to the "Rules of Arbitration Procedure of Danish Arbitration" and the arbitral tribunal is to be made up of arbitrators appointed by the Danish Institute of Arbitration. The arbitral tribunal is to sit in Copenhagen.*
>
> *13.3 If the Parties so agree, the arbitral tribunal is to be made up of only one arbitrator.*
>
> *13.4 Both the Company and the CFO shall owe a duty of confidentiality as regards the arbitral proceedings and award"* [emphasis added]

9. Translated into Danish the provision reads:

> ***"Lovvalg og værneting***
>
> ...
>
> *13.2 Enhver tvist, der måtte opstå i forbindelse med dette løbende forhold eller indgåelsen, fortolkningen eller ophøret af denne Økonomidirektørkontrakt skal afgøres med bindende virkning ved voldgift i henhold til "Regler for behandling af voldgiftssager" ved*

TRANSLATION

*Voldgiftsinstituttet, og voldgiftsretten skal bestå af voldgiftsdommere udpeget af Voldgiftsinstituttet. Voldgiftsretten skal have sæde i København.*

*13.3 Såfremt Parterne er enige herom, kan voldgiftsretten bestå af alene én voldgiftsdommer.*

*13.4 Både Selskabet og Økonomidirektøren er underlagt en fortrolighedsforpligtelse, for så vidt angår voldgiftsprocessen og voldgiftskendelsen.*" [min fremhævelse]

10. It was crucial for Enochian BioSciences Denmark as well as Enochian Biosciences, Inc., that the companies' confidential information, including financial information, not be made public in ordinary court proceedings, because, among other things, Enochian BioSciences Inc. was in the process of becoming – and now is – listed on the NASDAQ Stock Exchange in the United States.

Robert E. Wolfe has already with the information stated in the writ of summons (including, inter alia, the information about payments made by the companies) and in the exhibits produced, violated the confidentiality provision in exhibit 1, clause 9, by bringing the case before the Court in Helsingør, where publicity generally exists.

## 4 Submissions

11. In support of the claim filed, we generally submit:

### 4.1 Robert E. Wolfe's alleged claims are subject to arbitration

12. Robert E. Wolfe supports his alleged claims on the fact that he as a result of the termination of the consultancy agreement produced as exhibit 1 is entitled to additional payment and that he holds some derived claims. It appears clearly from the agreement in question that

*"Any dispute arising out of this ongoing relationship or the conclusion, construction or end of this CFO Service Agreement is to be settled finally*

TRANSLATION



*by binding arbitration according to the "Rules of Arbitration Procedure of Danish Arbitration" and the arbitral tribunal is to be made up of arbitrators appointed by the Danish Institute of Arbitration. The arbitral tribunal is to sit in Copenhagen."*

13. The above arbitration agreement is characterised by embracing the parties' contractual relationship broadly, since it has been crucial that confidential information concerning the parties' cooperation in general could be kept in a closed and confidential forum. All of Robert E. Wolfe's alleged claims thus concern issues that are covered by the wording of the arbitration agreement, which prescribes that claims concerning the interpretation, the ongoing/continued contractual relationship as well as the termination of the parties' cooperation must be settled by arbitration. Thus, the intention was - as set out in the provision - that any dispute concerning the parties' business relationship should be settled by arbitration.

14. It follows from section 8(1) of the Danish Arbitration Act that

> *"A court before which an action is brought in a matter which is the subject of an arbitration agreement shall, if a party so requests, refer the parties to arbitration unless it finds that the agreement is null and void, inoperative or incapable of being performed."*

15. Since a valid, final and clear arbitration agreement has been entered into, which covers Robert E. Wolfe's alleged claims, the case must therefore be dismissed by the Court in Helsingør, cf. also U.1992.440 and U.2007.1682.

## 5 Proposal for the hearing of the case

16. The question about dismissal of the case should be heard by the Court as a separate claim, cf. section 351(4), cf. section 253(1) of the Danish Administration of Justice Act.

In Enochian BioSciences Denmark's view, this case does not call for a hearing by a panel court, cf. section 12(3) of the Danish Administration of Justice Act, or the participation of

TRANSLATION



expert judges, cf. section 20 of the Danish Administration of Justice Act. Referral to the High Court in pursuance of section 226 of the Danish Administration of Justice Act or referral to the Maritime and Commercial High Court in pursuance of section 227 of said Act will not be relevant either.

17. Depending on Robert E. Wolfe's final statement of claims, documents and other evidence and presentation of the actual and legal circumstances, the defendant expects that at the preparatory meeting held in accordance with section 353 of the Danish Administration of Justice Act, in addition to the subjects specified in section 353(1)(1)-(4), one or more of the subjects specified in section 353(1)(5)–(18) should be discussed, particularly (5).

**6 Documents relied upon and other evidence:**

18. In respect of the witnesses called by Robert E. Wolfe, we note at this point that if the Court chooses to hear the case on its merits, the following witnesses are to be considered as Enochian BioSciences Denmark's witnesses: Eric Leire, Rene Sindlev and Henrik Grønfeldt Sørensen.

**7 Requests concerning inspection of documents etc.**

19. The information submitted by Robert E. Wolfe in this case constitute confidential information concerning Enochian BioSciences Denmark and Enochian BioSciences, Inc., which information Robert E. Wolfe was not entitled to submit/pass on. On behalf of Enochian BioSciences Denmark, I therefore request that the Court that the right to inspect documents in the case pursuant to chapter 3 a of the Danish Administration of Justice Act be limited to the widest extent possible, cf. section 41b(3)(5), cf. section 41d(5)(5), cf. section 41e(4) of the Danish Administration of Justice Act, according to which the right to inspect documents may be limited in order to avoid publication of information concerning individual persons' private affairs or companies' trade secrets, and the public's insight into actions ought to yield to material considerations for the person in question, which cannot be protected by anonymization. At the same time, we request that Enochian BioSciences Denmark be granted the opportunity to submit a pleading prior to granting access to inspection of documents. Finally, we request the Court that the reporting of the facts of the




TRANSLATION

case in a ruling or judgment be limited to include the issues relating to the existence of the arbitration agreement.

## 8 Registration for VAT

20. Enochian BioSciences Denmark is registered for VAT.

## 9 Procedural notices

21. Procedural notices to the defendant may be forwarded to the undersigned at the address: Gorrissen Federspiel, Silkeborgvej 2, 8000 Aarhus C, Denmark, citing file no. 828532.

Aarhus, 25 February 2019

Morten Skjønnemand

Christian H. Madsen, attorney



I, the undersigned Tina Rosenkilde, translator and interpreter of the English language, hereby certify the preceding text to be a true and faithful translation of the attached Statement of Defence in the Danish language.

In Witness Whereof I have hereunto set my hand and affixed my seal of office.

26 February 2019

INTERPRES REGIA JURATA
TINA ROSENKILDE

