# EXHIBIT 32

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Orange Unit | Docket No. 24-2-19 Oecv |

Enochian Biosciences Denmark ApS et al vs. Crossfire, Inc. et al

# ENTRY REGARDING MOTION

Count 1, Injunctive Relief (24-2-19 Oecv)
Count 2, Injunctive Relief (24-2-19 Oecv)

Title:       Motion for Emergency Ex Parte TRO & Preliminary Injunction I (Motion 1)
Filer:       Enochian Biosciences Denmark ApS
Attorney:    Christopher Jerr Valente
Filed Date:  February 12, 2019

No response filed

Plaintiffs are a Danish company, and its publicly traded U.S. subsidiary, Endochian Biosciences, Inc. ("Enochian" or the "Company"), who seek an ex parte Temporary Restraining Order ("TRO") against the subsidiary's former Chief Financial Officer ("Mr. Wolfe") and his consulting company. Plaintiffs are biopharmaceutical companies engaged in the business of identifying, developing, manufacturing and commercializing gene-modified cell therapy.

In essence Mr. Wolfe's CFO duties were set forth in his consulting or hiring agreement and included developing and maintaining systems of internal controls to safeguard financial assets of the company, and overseeing and coordinating activities, including activities of the independent auditors. As CFO Mr. Wolfe had to prepare filings for the Security and Exchange Commission ("SEC"). (The original agreement was amended at one point in ways not material to the portions of the contract in issue here).

In his work Mr. Wolfe had access to private and sensitive financial information about Enochian. His contract with the Company had a section 9 on confidentiality and return of material. In this portion of the agreement Mr. Wolfe acknowledged that if competitors learned of the confidential information he obtained about the Company it could significantly damage Endochian. Mr. Wolfe acknowledged the interest in having him comply with a duty of strict confidentiality. He agreed he was not entitled to use or disclose confidential information to any third party, except those factors that must be disclosed to third parties.

The agreement defined confidential information to which the confidentiality and non-disclosure requirements applied. Confidential information include information on the Company's customers and suppliers and price and discount systems and product development and other items not publicly available. The duties of confidentiality and non-disclosure were continuing duties after termination of the employment.

1

The contract was to be governed by and construed in accordance with Danish law. (One of the Parties, Enchian Biosciences Denmark ApS, is a foreign company, apparently based in Denmark.)

The Defendants' contract with Plaintiffs requires any disputes be arbitrated in Denmark by binding arbitration under described rules of arbitration procedure, and that the parties keep the arbitration proceedings confidential. The mandatory arbitration clause was a broad one covering "[a]ny dispute arising out of this ongoing relationship or the conclusion, construction or end of this CFO Service Agreement".

The parties' agreement has been terminated and a dispute has arisen as to what sums, if any, Plaintiffs owe Defendants. Facially the claim falls within the parties' contractual, broad, mandatory arbitration clause.

After the agreement was terminated, Defendants filed an initially public document in Denmark. The content of the publicly filed Danish document included disclosure and description of certain detailed information comprising one or more forms of the confidential agreement covered under the parties' contract that was required to be kept confidential. For instance the documents included a description of certain payments made to a certain Company advisor. A copy of the document was provided to third parties that may materially impact Plaintiffs' ability to timely make certain required governmental filings.

Plaintiffs' counsel have communicated with Defendants' counsel and asked that Defendants cease and desist making public filings that include confidential information. Defendants, through counsel, have declined to seek to withdraw the public filed document in Denmark.

Danish court proceedings are pending which will help determine whether the parties dispute will be arbitrated, versus some aspects of it being heard in court proceedings. In the interim, Plaintiffs seek to prevent other unauthorized disclosure of the confidential information contained or described in the parties' agreement.

Legal Analysis

Rule 65 allows courts to enter preliminary injunctions and TRO's. The factors to be applied, similar to those used under Federal Rule 65, are (1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest. *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19, 178 A.3d 313. Preliminary injunctions and TRO's are an extraordinary remedy and are not granted as a matter of right. *Id*, quoting *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

[1] Irreparable harm

The court agrees with Plaintiffs that the disclosure of confidential information is recognized to cause irreparable harm for injunctive relief purposes. See cases cited in Plaintiffs' Motion; *Council on American-Islamic Relations v. Gaubatz*, 667 F.Supp.2d 67 *(D.D.C.2009); Corporate Technologies, Inc. v. Hartnett,* 943 F.Supp.2d 233 (D. Mass 2013); *Covidien, LP v. Esch*, 229 F.Supp.3d 94 (D. Mass.2017); *Synthes, Inc, v. Gregoris,* 228 F.Supp.3d 421 (E.D. Penn. 2017).

 [2] Potential Harm to Defendants

The court agrees with Plaintiffs that the Defendants should suffer no potential harm if they are required to comply with the Agreement while the parties resolve the claims between them in Denmark - in court or by arbitration.  As noted below, as the parties' agreement is governed by Danish law and a Danish court action is also pending,  if this court affords comity to any use of confidential information the Danish court may allow by express order in the Danish court proceedings, Defendants are afforded the ability to resort to Danish courts as to the parties' dispute, to the extant such resort to Danish court is found to be lawful by the Danish court construing the contract that is governed by Danish law and calls for mandatory binding, confidential arbitration in Denmark.

 [3] Substantial Likelihood on the Merits

Some federal courts construe the  "likelihood of success on the merits", with a degree of pragmatism to be met by a showing of "sufficiently serious questions as to the merits plus a balance of hardships that tips decidedly in their favor", or similar formulations.[1] The Vermont Supreme Court in *Taylor* essentially applied this standard  in Vermont as "our test calls for a balancing of multiple factors, including the likelihood of success on the merits, it is sufficiently flexible to allow for a preliminary injunction in cases in which the court cannot definitively

---

[1] *General Mills, Inc. v. Chobani, LLC*, 158 F.Supp.3d 106, 115 (N.D.N.Y. 2016). See also  for example, *Okla. ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc.,* 455 F.3d 1107, 1113 (10th Cir.2006)(If the moving party demonstrates that the other three factors "tip strongly in his favor, the test is modified," and the moving party "may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue for litigation and deserving of more deliberate investigation.") ; *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.,* 2006 WL 5003362, *2, 2006 U.S. Dist. LEXIS 97023, *4 (S.D.Cal. Jan. 26, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS,* 306 F.3d 842, 873 (9th Cir.2002)) (The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party.").

conclude that the movant is likely to prevail on the merits, but the balance of other factors tips strongly in favor of an injunction". *Id*, at footnote 3, after citing the hardship-balance-tipping test stated in *General Mills, Inc. v. Chobani, LLC,* 158 F.Supp.3d 106, 115 (N.D.N.Y. 2016).

In ruling on the motion the court must considered Danish law, as the agreement is subject to Danish law and interpreted under Danish law.

The court's initial legal research discloses that Denmark passed a Danish Trade Secrets Act of 2018 (Act No. 309 of April 25, 2018)( the "Danish Act"). [2] The Danish Act includes protection for confidential information comprised of trade secrets. [3] The law's protections extend to enforcement against employees who acquire trade secrets and use them in breach of confidentiality agreements.

> Specifically, under the Danish Act:
>
> *The use or disclosure of a trade secret without the consent of the trade secret holder shall be considered unlawful whenever the trade secret is used or disclosed by a person who has:*
> *1) acquired the trade secret unlawfully,*
> *2) breached a confidentiality agreement or any other duty not to disclose the trade secret, or*
> *3) breached a contractual or any other duty to limit the use of the trade secret.*

Chapter 4 of the Danish Act allows for entry of court injunctions to enforce violations of the Danish Act.

Plaintiffs have established this factor for present purposes. As the parties' substantive rights under the agreement are governed by Danish law, and Plaintiffs note that the parties are engaged in litigation regarding their agreement before a Danish court, to the extent this court enters an injunction in this case, it will defer and provide comity to any determinations by a Danish court, having jurisdiction over the parties and their contract dispute, as to third party disclosures it may allow by express order.

[4] <u>Public Interest</u>

---

[2] The court's initial findings as to applicable Danish law are just preliminary, for purposes of deciding the TRO.   V.R.C.P. 44.1 will apply if disputes arise between the parties, as to this action, as to dispute over what Danish law applies to this court's interpretation of the parties' contract for purposes of the proceedings in this court.

[3]  The law can be found at :
http://www.dkpto.org/media/23038547/the%20trade%20secret%20act%20.pdf

The court adopts the reasoning of the cases cited by Plaintiffs to the effect that it is in the public interest to protect confidential information for which the holder of the information has taken steps to preserve its confidentiality to allow it to carry out its business. To operate effectively many companies must disclose sensitive, private information, essential to their operations to their employees, so the employees may perform their company duties. It is reasonable for the company holding such information to put lawful restrictions upon the employees' re-disclosure of the private information. If such clearly articulated protections were not recognized as enforceable in legitimate settings, companies trying to use proprietary information they have developed could not commercially use that information and provide services and products to the public, lest they fear their employees might reveal the proprietary information to third parties.

Further, the Vermont Supreme Court, and the Vermont Trade Secrets Act, have recognized there is a legitimate interest in protecting unauthorized disclosure of trade secrets, using injunctions. See *Systems and Softwares, Inc. v. Barnes*, 2005 VT 95, ¶ 5, 175 Vt. 389.

The court will waive the posting of a bond at this time as it finds there is no indication Defendants will be harmed if they are enjoined from further disclosing confidential information under the parties' agreement at least until this matter can be heard further. *International Controls v. Vesco,* 490 F.2d 1334, 1356 (2d Cir.1974), *cert. denied,* 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974) (noting that "the district court may dispense with security where there has been no proof of likelihood of harm to the party enjoined") (citations omitted); *Brookins v. Bonnell*, 362 F.Supp. 379 (E.D.Pa.1973); *Northwestern Bell Tel. Co. v. Bedco of Minn., Inc.,* 501 F.Supp. 299, 304 (D.Minn.1980) (waiving bond based on strength of the plaintiff's case for copyright infringement).

**This Order shall expire on the earlier of fourteen (14) days from the date and time below, except for good cause shown, or a hearing and determination on the merits of Plaintiffs' Motion for Preliminary Injunction, which hearing shall be scheduled for March 4, 2019 at 3:30 PM.**

THEREFORE, IT IS HEREBY ORDERED:

     Pursuant to V.R.C.P. 65(a) and (d), Defendants, and any and all of their agents, employees, attorneys, affiliates, and all and any other persons acting in concert or in participation with Defendants are enjoined, prohibited, and restrained from disclosing Plaintiffs' confidential information, as defined in the Parties' Agreement.

It shall not be a violation of this order to make such use or disclosure of confidential information, as may be allowed by the express order of a Danish court, having jurisdiction over the parties and their contract dispute, as to third party disclosures such court may allow.

Electronically signed on February 12, 2019 at 11:02 PM pursuant to V.R.E.F. 7(d).

_____
Michael J. Harris
Superior Court Judge


Notifications:
Christopher Jerr Valente (ERN 7436), Attorney for Plaintiff Enochian Biosciences Denmark ApS
Christopher Jerr Valente (ERN 7436), Attorney for Plaintiff Enochian Biosciences, Inc.
Defendant Crossfield, Inc.
Defendant Robert E. Wolfe
David M. Pocius (ERN 1492), Attorney for party 1 Co-Counsel
David M. Pocius (ERN 1492), Attorney for party 2 Co-Counsel

ENOCHIAN_000122