UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ROBERT WOLFE and CROSSFIELD, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ENOCHIAN BIOSCIENCES INC., et al. <br><br>Defendants. | Case No. 2:21-cv-00053 |

### DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Enochian Biosciences, Inc. ("Enochian Biosciences"), Enochian Biosciences Denmark ApS ("Enochian Denmark"),[1] Luisa Puche, and René Sindlev (collectively, "Defendants") respectfully move for reconsideration of the Court's Opinion and Order on their Motion for Summary Judgment (Dkt. No. 111) (the "Order") and summary judgment in their favor.

### I.   INTRODUCTION

The Court should reconsider its Order and grant summary judgment in Defendants' favor because the undisputed material facts demonstrate that Enochian had an "objectively reasonable basis"—i.e., had probable cause[2]—to bring the Superior Court Action.[3] The undisputed evidence establishes that: (1) Plaintiffs had a duty to protect Enochian confidential information, *see* Order

---

[1] Enochian Biosciences and Enochian Denmark are referred to collectively as "Enochian." On August 1, 2023, Enochian Biosciences changed its corporate name to "Renovaro Biosciences Inc." and Enochian Biosciences Denmark ApS changed its corporate name to "Renovaro Biosciences Denmark ApS. For ease of reference, Enochian Biosciences, Enochian Denmark, and Enochian will continue to be used.

[2] While Defendants believe they are entitled to summary judgment in connection with each element of Plaintiffs' malicious prosecution claim, this Motion is confined to the probable cause element. Defendants reserve their right to challenge each element at trial to the extent necessary.

[3] All capitalized undefined terms shall have the meanings provided in Defendants' summary judgment briefing.

at 30 ("Plaintiffs had contractual and fiduciary duties not to disclose confidential information in contravention of Enochian's interests") and (2) Plaintiffs disclosed confidential information, *see id.* at 33 ("Plaintiffs cite no evidence showing that Enochian BioSciences' annual payments of $840,000 for Mr. Gumrukcu's personal protection were publicly disclosed prior to the Danish Litigation."), and (3) Enochian was irreparably harmed as a result of such disclosure, *see Covidien LP v. Esch*, 229 F. Supp. 3d 94, 99 (D. Mass. 2017) (recognizing that "improper disclosure of confidential information is, *in itself*, an irreparable harm"). These establish each of the prima facie elements underlying the Superior Court Action and, at the very least, these factual findings would have been more than sufficient for Enochian to have survived a motion for summary judgment in the Superior Court Action.

And, while Enochian may have ultimately been proven wrong at trial, whether or not the information could ultimately be proven not to be confidential is not the standard. There is nothing in the record that suggests that Enochian had "no objectively reasonable basis" to bring the Superior Court Action. Indeed, the Court's finding that there is "no evidence" that the Enochian information disclosed by Plaintiffs was ever "publicly disclosed prior to the Danish Litigation" confirms that this particular information was, in fact, confidential. When considered in connection with all of the other undisputed material facts, establishes that Enochian had <u>at least one</u> reasonable basis to believe that it had probable cause to bring the Superior Court Action.

Respectfully, Defendants request the Court to reconsider the Order, find that Plaintiffs are unable to satisfy the element of probable cause, and grant summary judgment in Defendants' favor.

II. **ARGUMENT**

As a threshold issue, proving the confidentiality of the information Plaintiffs disclosed to an absolute certainty is not the relevant legal standard. As the Court recognized, the key inquiry

is whether Enochian "reasonably believe[d]" the information at issue was confidential—not whether the information is ultimately proven to be confidential (which is an issue that Enochian would have needed to have proven in the underlying Superior Court Action, but not this case). Order at 33; *see id.* at 31 ("The issue thus turns on whether it was objectively reasonable for Enochian to believe Plaintiffs retained confidential information and had disseminated it or intended to do so."); *see also* Restatement (Second) of Torts § 675, cmts. d & e (1977) ("[T]he initiator of private civil proceedings need not have the same degree of certainty as to the relevant facts that is required of a private prosecutor of criminal proceedings … . In determining probable cause for initiation of civil proceedings, all that is necessary is that the claimant reasonably believe that there is a sound chance that his claim may be held legally valid upon adjudication."). Here, there is zero evidence to suggest that Enochian did not "reasonably believe" that the amount Enochian paid for Gumrukcu's security expenses was confidential information.

Critically, in its Order, the Court recognizes that "Plaintiffs cite no evidence showing that Enochian BioSciences' annual payments of $840,000 for Mr. Gumrukcu's personal protection were publicly disclosed prior to the Danish Litigation." Order at 33. To put it differently, well over four years after Enochian brought the Superior Court Action to protect its confidential information, there is still not a shred of evidence that that specific information has ever been available to the public—apart from public access caused by Plaintiffs' wrongful disclosure. This finding, alone, demonstrates that Plaintiffs cannot establish that Enochian had "no objectively reasonable basis" to bring the Superior Court Action.

Despite the Court's finding, which should result in summary judgment in Defendants' favor, the Court stated that Plaintiffs "have produced sufficient evidence to establish a disputed issue of fact regarding whether [the amount Enochian paid for Gumrukcu's security] was no longer

3

deemed confidential by Defendants and was known to individuals outside the company." *Id.* In arriving at this conclusion, the Court noted that "Plaintiffs disclosed their intent to reveal this information by sending Defendants a draft complaint in the Danish Litigation, and Defendants allegedly did not protest that disclosure." *Id.* Enochian's response to the draft Danish Complaint, however, is not a sufficient basis for calling into question the confidentiality of the disclosed information for several reasons.

Notably, Enochian's initial, preliminary response to the draft Danish Complaint, which Enochian's Danish counsel provided *just one day* after receiving the draft complaint, does not change the nature of the information in question. The information either was non-public or it was publicly available, and Enochian's first reaction to the draft complaint, regardless of what that reaction was, does not change that determination.[4]

But, even if the speed with which Enochian moved to address the Danish Complaint was relevant to assessing whether the disclosed information was confidential, the relevant timeline demonstrates that Enochian nonetheless took prompt action:

- February 5, 2019 – Plaintiffs' Danish counsel provided Enochian's Danish counsel with a draft of the Danish Complaint. Dkt. No. 81-24, Exhibit 8.

- February 6, 2019 – Enochian's Danish Counsel sent a letter to Plaintiffs' Danish Counsel addressing a number of outstanding issues between the parties and stating that Enochian would seek dismissal of the Danish Action. Dkt. No. 81-24, Exhibit 9.

- February 7, 2019 – Plaintiffs publicly filed the Danish Complaint and disclose Enochian's confidential information. Dkt. No. 81-28.

- February 8, 2019 – Enochian's U.S. counsel sent a letter to Plaintiffs and their Danish counsel stating, among other things, that Plaintiffs had wrongfully disclosed Enochian confidential information in the Danish Complaint and demanding dismissal of the Danish Action. Dkt. No. 81-5, Exhibit D.

---

[4] Notably, it was Enochian's position throughout this matter that the Danish Complaint should have been brought in a confidential arbitration, as was agreed in the Employment Agreement.

- February 11, 2019 – After giving Plaintiffs three days to voluntarily withdraw the Danish Complaint (which Plaintiffs failed to do), Enochian filed the Superior Court Action and simultaneously moved for preliminary injunctive relief to prevent further disclosure of Enochian confidential information. Dkt. No. 81-5, Exhibit 1; Dkt. No. 81-30.

Given Enochian's quick response—raising the issue of confidential information just one day after Plaintiffs filed the Danish Complaint and seeking injunctive relief just four days after the filing—the Superior Court correctly rejected Plaintiffs' argument that the timing in which Enochian acted was unreasonable. *See* Dkt. No. 81-38, at 6–7 ("Even if one gauged the rapidity of Plaintiff's response to the knowledge or threat that Mr. Wolfe would make some public disclosure of public information—the notice of his intent to file the Danish lawsuit was announced 2/5/19 and this action was filed six days later, the court finds no waiver of the right to seek injunctive relief."). The fact that Enochian did not specifically raise the issue of confidential information within 24 hours of receiving a *draft* of the Danish Complaint is not, in any way, evidence of a belief at that time, or at the time that the Superior Court Action was filed, that the disclosed information was not confidential.[5]

Further, in connection with its probable cause analysis, the Court also stated: "A factual dispute also exists regarding whether Enochian reasonably believed that it was 'threatened with further harm' because Plaintiffs' associate Mr. Sejerøe-Olsen threatened that Mr. Wolfe would disclose additional confidential information if he did not receive certain payments." Order at 33. While Enochian believes the evidence establishes that Mr. Wolfe made the above-referenced threat, whether he actually made the threat or not does not change the probable cause analysis. Regardless of whether that specific threat was made, Enochian was still entitled to bring the

---

[5] It also must be further emphasized that Enochian did, in fact, raise the issue of disclosed confidential information within 24 hours of the Danish Complaint's filing.

5

Superior Court Action because Plaintiffs violated their contractual and common law duties by disclosing Enochian confidential information, and such disclosure constitutes per se harm to Enochian. *See, e.g.*, *Covidien LP v. Esch*, 229 F. Supp. 3d 94, 99 (D. Mass. 2017) (recognizing that "improper disclosure of confidential information is, *in itself*, an irreparable harm") (internal quotation marks omitted and emphasis added); *Revolution Retail Sys., LLC v. Sentinel Techs., Inc.*, No. CV 10605-VCP, 2015 WL 6611601, at *25 (Del. Ch. Oct. 30, 2015) ("[T]his Court has long recognized that the impermissible use of proprietary and confidential information constitutes irreparable harm.").

In sum, any areas of factual dispute are either not relevant to the probable cause analysis or, at a bare minimum, not material and do not justify denying summary judgment. *See* Order at 29 ("Not all factual disputes are material. The summary judgment 'standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.] ... Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'") (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 ( 1986)). The fact that Plaintiffs have "no evidence showing that Enochian BioSciences' annual payments of $840,000 for Mr. Gumrukcu's personal protection were publicly disclosed prior to the Danish Litigation" is more than sufficient for demonstrating that Enochian "reasonably believed" it had probable cause for filing the Superior Court Action, and a contrary holding is "clear error of law" and an "obvious injustice." *See Walker v. Tchrs. Ins. & Annuity Ass'n of Am.-Coll. Ret. & Equities Fund*, No. 1:09-CV-190, 2010 WL 3069829, at *2 (D. Vt. Aug. 4, 2010) ("A court is justified in reconsidering its previous ruling if … it becomes necessary to remedy a clear error of law or to prevent obvious injustice.").

6

### III. CONCLUSION

For the above reasons, Defendants respectfully request that the Court reconsider its Order and grant summary judgment in Defendants' favor.

> Respectfully,
>
> /s/ *Christopher J. Valente*
> Christopher J. Valente
>     christopher.valente@klgates.com
> Michael R. Creta (*pro hac vice*)
>     michael.creta@klgates.com
> K&L GATES LLP
> State Street Financial Center
> One Lincoln Street
> Boston, MA  02111
> Telephone:  (617) 261-3100
> Fax:  (617) 261-3175
>
> David M. Pocius
>     dpocius@pfclaw.com
> PAUL FRANK + COLLINS P.C.
> One Church Street
> P.O. Box 1307
> Burlington, VT  05402
> Telephone:  (802) 658-2311
> Fax:  (802) 658-0042
>
> *Attorneys for Enochian Biosciences, Inc., Enochian Biosciences Denmark ApS, Luisa Puche, and René Sindlev*

Dated: September 7, 2023

## CERTIFICATE OF SERVICE

      I, Christopher J. Valente, hereby certify that on September 7, 2023, the foregoing document was filed electronically and is available for viewing or downloading from the ECF system. This document was electronically served on the registered participants as identified on the notice of electronic filing (NEF).

      */s/ Christopher J. Valente*

## CERTIFICATE OF GOOD FAITH CONFERENCE

      Pursuant to Local Rule 7(a)(7), I, Christopher J. Valente, hereby certify that on September 7, 2023, I conferred with Daniel McCabe, counsel for Plaintiffs, via telephone regarding the substance of this motion. No agreement could be reached regarding the requested relief.

      */s/ Christopher J. Valente*